IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JERRY LARONE ERVIN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. G-08-0033 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner, Jerry Larone Ervin, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a conviction in the 253rd Judicial District Court of Chambers County, Texas. The threshold issue is whether this federal petition is subject to dismissal as time-barred under 28 U.S.C. § 2244(d)(1). On February 13, 2008, this court ordered Ervin to file a written submission by March 17, 2008 showing why this case should not be dismissed because it was filed so late. In response, Ervin filed a "Motion for a Court of Inquiry-Enacted by the Equitable Tolling Doctrine." (Docket Entry No. 9). Based on a review of the record and the Motion for Court of Inquiry, the court finds that Ervin's petition is barred by limitations and must be dismissed. The reasons are set out below.

**I.   Background**

Ervin pleaded guilty to the felony offense of tampering with physical evidence. (Cause Number 12,344-A). On August 25, 2003, the state trial court sentenced Ervin to a term of twenty-five years in prison. The First Court of Appeals of Texas dismissed Ervin's

appeal for lack of jurisdiction on May 6, 2004. Ervin did not file a petition for discretionary review in the Texas Court of Criminal Appeals. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 3); see also Texas Judiciary Website, http://www.cca.courts.state.tx.us/opinions. Ervin filed an application for state habeas corpus relief on November 8, 2006, which the Texas Court of Criminal Appeals denied without written order on December 20, 2006. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 3-4).

On December 26, 2007, the United States District Court for the Eastern District of Texas received Ervin's federal petition. This court received the petition in a transfer from the Eastern District on February 5, 2008. (Docket Entry No. 7). The petition was filed when Ervin gave it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). This court presumes that Ervin put his federal petition in the prison mail on the date he signed it, December 18, 2007. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998).

Ervin contends that his conviction is void for the following reasons:

(1)   he is actually innocent;

(2)   the trial court lacked subject matter jurisdiction;

(3)   his sentence is illegal;

(4)   he entered his plea involuntarily;

(5)   the trial court improperly accepted his guilty plea though there was no evidence to support the conviction; and

>   (6)   counsel rendered ineffective assistance.

(Docket Entry No. 1, Petition for Write of Habeas Corpus, pp. 7-10).

## II.   The Issue of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions filed after April 24, 1996. Although the statute of limitations is an affirmative defense, a district court may raise the defense on its own and dismiss a petition before answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). In *Day v. McDonough,* 547 U.S. 198 (2006), the Supreme Court held that district courts may consider the timeliness of a state prisoner's habeas petition. The Supreme Court cautioned that before acting on its own, a court must give the parties fair notice and an opportunity to present their positions. This court complied by notifying Ervin of the issue and allowing him to show why the case should not be dismissed as untimely filed.

> The statute provides in part:
>
>>   (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>>
>>>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). Ervin's conviction became final when the time for filing a petition for discretionary review expired. The First Court of Appeals affirmed Ervin's conviction on May 6, 2004, giving Ervin thirty days, or until June 5, 2004, to file a petition for discretionary review. TEX. R. APP. P. 68.2(a). Ervin did not file a petition for discretionary review. Absent tolling, the one-year limitations period would end on June 5, 2005.

Ervin has alleged no state-created impediment under subparagraph (B), above, that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  Ervin has failed to present any argument that he should be permitted to proceed under subparagraph (D).

A properly filed application for state postconviction relief tolls limitations.  28 U.S.C. § 2244(d)(2)(West 1997).  The one-year limitations period began on June 5, 2004.  Ervin waited until November 8, 2006 before filing his state application.  The Texas Court of Criminal Appeals denied Ervin's application on December 20, 2006.  Ervin's state application did not toll the limitations period because he filed it after the limitations period had ended.  *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000).  The limitations period ended on June 5, 2005, but Ervin waited until December 18, 2007 before filing his federal petition.  Ervin's claims are time-barred unless he can show that a statutory or equitable exception applies.

In an order entered on February 13, 2008, Ervin was ordered to file a written statement by March 17, 2008, showing why this court should not dismiss his petition as time-barred under 28 U.S.C. § 2244(d).  (Docket Entry No. 8).  On March 10, 2008, Ervin filed a Motion for a Court of Inquiry-Enacted by the Equitable Tolling Doctrine, (Docket Entry No. 9), arguing that he is entitled to equitable tolling because he is actually innocent; the trial court lacked subject matter jurisdiction; the prosecution suppressed exculpatory evidence; the Texas Court of Criminal Appeals failed to issue a written opinion in violation of his rights to due process; and there is insufficient evidence to support the conviction.  None of these

5

grounds provides a basis for tolling the limitations period under the AEDPA. These are grounds that Ervin could have raised in a state habeas filing. The AEDPA states that "[t]he time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be construed toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). When Ervin filed his state habeas petition on November 8, 2006, the statutory limitations period had already expired. The statutory tolling provision does not save Ervin's December 18, 2007 federal petition from the time-bar.

Nothing in the petition or the motion for a court of inquiry indicates the presence of rare and exceptional circumstances warranting equitable tolling. *See Scott v. Johnson*, 277 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling). Because neither statutory nor equitable tolling saves Ervin's December 18, 2007 filing, his federal habeas petition was filed outside the statutory period of limitations and is untimely.

## III.   Conclusion

Ervin's challenges to his 2004 conviction are dismissed as time-barred. This case is dismissed. Any remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among

jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further.  *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack,* 529 U.S. at 484.  Ervin has not shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in its procedural ruling.  This court will not issue a COA.

       SIGNED on July 3, 2008, at Houston, Texas.

                                      _____
                                            Lee H. Rosenthal
                                        United States District Judge